UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| JANE DOE,<br><br>        Plaintiff,<br><br>    v.<br><br>HENRY WIRTA, et al.,<br><br>        Defendants. | Case No. 19-cv-00587-JCS<br><br>**ORDER PROVISIONALLY GRANTING MOTION TO FILE COMPLAINT AND PROCEED UNDER A PSEUDONYM**<br><br>Re: Dkt. No. 2 |

    Plaintiff asks the Court for permission to proceed anonymously in this action because the claims she asserts are based on the public disclosure of sensitive and personal information about Plaintiff in Marin County Superior Court. In particular, in her complaint she alleges that private information about her disability, as well as her mother's social security number, are in the public record of that court and that she fears that disclosure of her identity in this action would alert people of that information, causing harm to her private and professional life and harm to her mother. The Court GRANTS the request with the caveat that it will revisit this issue at a later stage of the case if the complaint is served on any Defendants.

    The Ninth Circuit has held that "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068–69 (9th Cir. 2000). Thus, courts have allowed plaintiffs to proceed anonymously "when anonymity is necessary 'to preserve privacy in a matter of sensitive and highly personal nature[.]'" *Id.* (quoting *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993); and citing *Doe v. United Services Life Ins. Co.*, 123 F.R.D. 437 (S.D.N.Y.1988) (allowing plaintiff to sue insurance company anonymously to protect against identification as a

homosexual); *Doe v. Deschamps*, 64 F.R.D. 652, 653 (D. Mont. 1974) (permitting plaintiff in abortion suit to use pseudonym due to the personal nature of pregnancy)). The balancing that courts must conduct is specific to the stage of the case and "the court must . . . determine the precise prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be structured so as to mitigate that prejudice." *Id*. (citing *James*, 6 F.3d at 240–41). Thus, for example, the court in *Does I thru XXIII v. Advanced Textile Corp*. found that the prejudice to defendants and the public of allowing the plaintiffs to proceed anonymously was relatively low based, in part, on the fact that the case was still in its early stages and discovery had been stayed.

Here, allowing Plaintiff to proceed anonymously will cause no prejudice to Defendants at this stage of the case because the case has not yet been reviewed under 28 U.S.C. § 1915 or been served on defendants. On the other hand, the allegations in the complaint indicate that Plaintiff's claims involve sensitive matters related to a disability. At this stage of the case, the Court concludes that Plaintiff's privacy interests outweigh the interests of the public and Defendants in disclosure of Plaintiff's identity. If the case is not dismissed under Section 1915 and the Complaint is served on any of the Defendants, the Court will revisit this question as it is likely that the interests of Defendants and the public in disclosure of Plaintiff's identity will increase as the case proceeds.

**IT IS SO ORDERED.**

Dated: March 6, 2019

JOSEPH C. SPERO
Chief Magistrate Judge